Patrick A. Smith (State Bar No. 329013)
psmith@jonesday.com
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA  92612.4408
Telephone: +1.949.851.3939
Facsimile:  +1.949.553.7539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sarah Chastain,<br><br>            Plaintiff,<br><br>      v.<br><br>Branch Banking &Trust a/k/a/Truist Financial, and Experian Information Solutions, Inc.,<br><br>            Defendants. | Case No. 8:20-cv-00618 PA (RAOx)<br><br>Hon. Percy Anderson<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:  March 28, 2020 |

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Sarah Chastain's ("Plaintiff") Complaint (the "Complaint") as follows:

**I. INTRODUCTION**

1. In response to paragraph 1 of the Complaint, Experian admits that the Complaint purports to state claims against the named defendants under the federal Fair Credit Reporting Act ("FCRA"). Experian further admits that the complaint seeks damages. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. As to the remaining allegations in paragraph 1 of the Complaint, Experian does not have knowledge or information

sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 1 of the Complaint.

## II. JURISDICTION

2.1     In response to paragraph 2.1 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Experian states that these are legal conclusions which are not subject to denial or admission.

2.2     In response to paragraph 2.2 of the Complaint, Experian admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Experian states that this is a legal conclusion which is not subject to denial or admission.

## III. PARTIES

3.1     In response to paragraph 3.1 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3.2     In response to paragraph 3.2 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3.3     In response to paragraph 3.3 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Experian further admits that it has a principal place of business located at 475 Anton Boulevard, Costa Mesa, CA, 92626. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 5 of the Complaint.

## IV. FACTS

4.1   In response to paragraph 4.1 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.2   In response to paragraph 4.2 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.3   In response to paragraph 4.3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian further states that paragraph 4.3 refers to Exhibit A attached to the Complaint.  Said exhibit speaks for itself, and on that basis, Experian denies any allegations of paragraph 4.3 inconsistent therewith.

4.4   In response to paragraph 4.4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.5   In response to paragraph 4.5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.6   In response to paragraph 4.6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian further states that paragraph

1    4.6 refers to Exhibit B attached to the Complaint.  Said exhibit speaks for itself, and
2    on that basis, Experian denies any allegations of paragraph 4.6 inconsistent
3    therewith.
4        4.7    In response to paragraph 4.7 of the Complaint, Experian denies,
5    generally and specifically, each and every allegation contained therein that relates
6    to Experian.  As to the allegations in paragraph 4.7 of the Complaint that relate to
7    the other defendant, Experian does not have knowledge or information sufficient to
8    form a belief as to the truth of those allegations and, on that basis, denies, generally
9    and specifically, each and every remaining allegation of paragraph 4.7 of the
10   Complaint.
11       4.8    In response to paragraph 4.8 of the Complaint, Experian is without
12   knowledge or information sufficient to form a belief as to the truth of the
13   allegations contained therein and, on that basis, denies, generally and specifically,
14   each and every allegation contained therein.  Experian further states that paragraph
15   4.8 refers to Exhibit C attached to the Complaint.  Said exhibit speaks for itself, and
16   on that basis, Experian denies any allegations of paragraph 4.8 inconsistent
17   therewith.
18       4.9    In response to paragraph 4.9 of the Complaint, Experian is without
19   knowledge or information sufficient to form a belief as to the truth of the
20   allegations contained therein and, on that basis, denies, generally and specifically,
21   each and every allegation contained therein.
22       4.10   In response to paragraph 4.10 of the Complaint, Experian is without
23   knowledge or information sufficient to form a belief as to the truth of the
24   allegations contained therein and, on that basis, denies, generally and specifically,
25   each and every allegation contained therein.  Experian further states that paragraph
26   4.10 refers to Exhibit D attached to the Complaint.  Said exhibit speaks for itself,
27   and on that basis, Experian denies any allegations of paragraph 4.10 inconsistent
28   therewith.

4.11  In response to paragraph 4.11 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 4.11 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 4.11 of the Complaint.

4.12  In response to paragraph 4.12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.13  In response to paragraph 4.13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.14  In response to paragraph 4.14 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 4.14 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 4.14 of the Complaint.

4.15  In response to paragraph 4.15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.16  In response to paragraph 4.16 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates

to Experian. As to the allegations in paragraph 4.16 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 4.16 of the Complaint.

## STATEMENT OF CLAIM
### (Fair Credit Reporting Act)

5.1   In response to paragraph 5.1 of the Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 4.16 above, as though fully set forth herein.

5.2   In response to paragraph 5.2 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).

5.3   In response to paragraph 5.3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.4   In response to paragraph 5.4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.5   In response to paragraph 5.5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.6   In response to paragraph 5.6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically,

each and every allegation contained therein.

5.7  In response to paragraph 5.7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.8  In response to paragraph 5.8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.9  In response to paragraph 5.9 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 5.9 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 5.9 of the Complaint.

5.10  In response to paragraph 5.10 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 5.10 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 5.10 of the Complaint.

5.11  In response to paragraph 5.11 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 5.11 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally

and specifically, each and every remaining allegation of paragraph 5.11 of the Complaint.

5.12   In response to paragraph 5.12 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 5.12 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 5.12 of the Complaint.

## RESPONSE TO DEMAND FOR JURY TRIAL

In response to the Complaint, Experian admits that Plaintiff has demanded a trial by jury on all issues triable.

## RESPONSE TO PRAYER FOR RELIEF

Experian denies that Plaintiff is entitled to any damages or any other form of releif against Experian as set forth in her prayer for relief.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE
(FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
(TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian

communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
(INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff were the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE
(FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE
(CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff herself, and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### SIXTH AFFIRMATIVE DEFENSE
(ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

### SEVENTH AFFIRMATIVE DEFENSE
(UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
(INDEPENDENT INTERVENING CAUSE)

Experian alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause

and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

### NINTH AFFIRMATIVE DEFENSE
(IMPROPER REQUEST FOR PUNITIVE DAMAGES)

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

### TENTH AFFIRMATIVE DEFENSE
(MOOTNESS)

Plaintiff's claim is barred, in whole or in part, to the extent that the claim or relief sought is moot.

### ELEVENTH AFFIRMATIVE DEFENSE
(RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: July 13, 2020

JONES DAY

By: */s/ Patrick A. Smith*
Patrick A. Smith

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.